UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Case No. 02-cr-022-02-JD

Scott Grant


**O R D E R**

    Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 215).  For the reasons stated below, the motion to reduce sentence is DENIED.

    On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The plea agreement in this case contained a binding stipulation that the defendant's base offense level should be premised on the distribution of at least 1.5 kilograms of cocaine base, which resulted in a base offense level of 38.  The presentence report (using the November 1, 2002 edition of the Guidelines Manual) determined the defendant was responsible for 11 kilograms grams of cocaine base, which resulted in a base offense level of 38.  After applying a two level decrease for the "safety valve" reduction and a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 33.   The defendant was

sentenced to 135 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and five years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant did not receive any reduction in the base offense because the offense involved more than 4.5 kilograms of cocaine base (i.e., 11 kilograms), which is still a level 38.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the amendment does not have the effect of lowering the defendant's applicable guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 215) is DENIED.

**SO ORDERED.**

Date:   April 3, 2008            /s/ Joseph A. DiClerico, Jr.
                                 Joseph A. DiClerico, Jr.
                                 United States District Judge


cc:  Scott Grant, pro se
     Counsel of Record